FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 11, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KARL K., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | No. 2:17-CV-0304-JTR <br><br> ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF No. 21, 23. Attorney Joseph M. Linehan represents Karl K. (Plaintiff); Special Assistant United States Attorney Jeffrey Eric Staples represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 8. After reviewing the administrative record and briefs filed by the parties, the Court **GRANTS** Defendant's Motion for Summary Judgment and **DENIES** Plaintiff's Motion for Summary Judgment.

## JURISDICTION

On September 13, 2013, Plaintiff protectively filed an application for disability insurance benefits. Tr. 170. On November 26, 2014, Plaintiff also protectively filed an application for supplemental security income. Tr. 178. In both applications, Plaintiff alleged disability since December 31, 2011, due to left shoulder and lower back problems and a torn rotator cuff (right shoulder). Tr. 170, 178, 189. Plaintiff's applications were denied initially and upon reconsideration.

Administrative Law Judge (ALJ) R. J. Payne held a hearing on February 18, 2016, Tr. 40-81, and issued a partially favorable decision on March 9, 2016, Tr.

22-31. The ALJ determined that Plaintiff was not disabled prior to February 12, 2016, but became disabled on that date and continued to be disabled through the date of the ALJ's decision. Tr. 22. The Appeals Council denied review on June 29, 2017. Tr. 1-6. The ALJ's March 2016 decision thus became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on August 28, 2017. ECF No. 1, 4.

## STATEMENT OF FACTS

The facts of the case are set forth in the administrative hearing transcript, the ALJ's decision, and the briefs of the parties. They are only briefly summarized here.

Plaintiff was born on May 12, 1961, and was 50 years old on the alleged onset date, December 31, 2011. Tr. 54, 178. He has a high school education and has primarily worked as a manufacturing and repairs welder. Tr. 53-54, 62, 190. Plaintiff's disability report indicates he stopped working on December 31, 2011, because of his condition(s). Tr. 189. He testified the main thing preventing him from being able to work is left shoulder pain. Tr. 55. Nevertheless, Plaintiff indicated he could lift 10 pounds with his right arm and could lift up to 20 pounds total, but not above waist-level. Tr. 56. His daily activities consisted of taking walks, looking after his friend's cattle, doing a small amount of cleaning and taking care of his personal needs. Tr. 66-67.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error.

*Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that the claimant can perform other jobs present in significant numbers in the national economy. *Batson v. Commissioner of Social Sec. Admin.*, 359 F.3d 1190, 1193-1194 (2004). If a claimant cannot make an adjustment to other work in the national economy, a finding of "disabled" is made. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

# ADMINISTRATIVE DECISION

On March 9, 2016, the ALJ issued a decision finding Plaintiff was not disabled prior to February 12, 2016, but became disabled on that date and continued to be disabled through the date of the ALJ's decision. Tr. 22, 30.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged onset date, December 31, 2011. Tr. 24. At step two, the ALJ determined Plaintiff had the following severe impairments: degenerative joint disease of the bilateral shoulders, status-post surgery 2008; right cubital tunnel syndrome; and right carpal tunnel syndrome. Tr. 24. At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. Tr. 25.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and determined he could perform light exertion level work with the following limitations: he could lift no more than 20 pounds occasionally and lift or carry 10 pounds frequently; he could sit, stand, and walk six hours each in an eight-hour workday with normal breaks; he could occasionally push/pull bilaterally within the light exertion level weight restrictions; he could never reach overhead with the left upper extremity but could occasionally reach in all other directions; and he could occasionally perform fine and gross handling with the right hand. Tr. 25.

At step four, the ALJ determined Plaintiff could not perform his past relevant work. Tr. 28. At step five, the ALJ found that based on the testimony of the vocational expert, and considering Plaintiff's age, education, work experience and RFC, Plaintiff could perform other jobs present in significant numbers in the national economy prior to May 12, 2016, including the jobs of furniture rental consultant and sales clerk. Tr. 29-30. The ALJ further determined that beginning on May 12, 2016, the date Plaintiff's age category changed to age 55, a finding of "disabled" was reached by direct application of Medical-Vocation Rule (grid rule) 202.06. The ALJ thus concluded Plaintiff was not under a disability within the

meaning of the Social Security Act at any time from December 31, 2011, the alleged onset date, through February 12, 2016, but became disabled on that date due to the non-mechanical application of the grid rules and continued to be disabled through the date of the ALJ's decision, March 9, 2016. Tr. 30-31.

**ISSUES**

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff contends the ALJ erred in this case by failing to give the appropriate weight to the opinions of Plaintiff's treating and examining doctors[1] and his testimony. ECF No. 21 at 1.

**DISCUSSION**[2]

**A. Medical Opinion Evidence**

Plaintiff asserts the ALJ erred by assigning "little weight" to the opinion of Donald Jackson, PA-C, regarding Plaintiff's physical functional capacity. ECF No. 21 at 5-9.

---

[1]Plaintiff's briefing fails to actually contest the ALJ's consideration of any doctors' opinions in this case. *See* ECF No. 21 at 5-9. Instead, Plaintiff challenges the ALJ's rationale for according "little weight" to the opinions of Donald Jackson, PA-C. *Id.*

[2]In *Lucia v. S.E.C.*, 138 S.Ct. 2044 (2018), the Supreme Court recently held that ALJs of the Securities and Exchange Commission are "Officers of the United States" and thus subject to the Appointments Clause. To the extent Lucia applies to Social Security ALJs, the parties have forfeited the issue by failing to raise it in their briefing. *See Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (the Court will not consider matters on appeal that were not specifically addressed in an appellant's opening brief).

In a disability proceeding, the courts distinguish among the opinions of three types of acceptable medical sources: treating physicians, physicians who examine but do not treat the claimant (examining physicians) and those who neither examine nor treat the claimant (nonexamining physicians). *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). A treating physician's opinion carries more weight than an examining physician's opinion, and an examining physician's opinion is given more weight than that of a nonexamining physician. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004); *Lester*, 81 F.3d at 830. Moreover, the opinion of an acceptable medical source is given more weight than that of an "other source." 20 C.F.R. §§ 404.1527, 416.927; *Gomez v. Chater*, 74 F.3d 967, 970-71 (9th Cir. 1996). Evidence from "other sources" is any information or statements from a non-medical source about any issue in Plaintiff's claim. 20 C.F.R. § 404.1513(a)(4). An ALJ is obligated to provide germane reasons for discounting "other source" statements. *Dodrill v. Shalala*, 12 F.3d 915 (9th Cir. 1993).

With regard to the weight of the medical evidence pertaining to Plaintiff's physical capacity, Drew Stevick, M.D., a medical consultant at the state level of disability determination, reviewed the record on March 26, 2014, and noted there was insufficient evidence of a medical impairment based on the absence of any medical evidence from December 31, 2011, the alleged onset date, until the date last insured, March 31, 2013. Tr. 27, 92. As correctly stated by the ALJ, there is virtually no record of medical treatment or any medically documented physical abnormality from December 2008 to June 2014. Tr. 27.

Harvey Alpern, M.D., testified as a medical expert at the February 18, 2016 administrative hearing and was accorded "great weight" by the ALJ. Tr. 27-28, 45-52. Plaintiff has not contested the weight accorded to Dr. Alpern. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) (the Court will not ordinarily consider matters on appeal that were not specifically and distinctly argued in a party's opening brief).

Dr. Alpern indicated Plaintiff had degenerative joint disease in both shoulders, predominantly in the left shoulder, with surgeries in 2008. Tr. 46-47. He further indicated cubital and carpal tunnel syndrome of the right hand/upper extremity was suggested as well as low back pain. Tr. 47-48. He found that Plaintiff could lift 20 pounds occasionally, lift 10 pounds frequently, and sit, stand and walk six hours each in an eight-hour day. Tr. 48. Dr. Alpern opined Plaintiff could not reach overhead with the left upper extremity and could only occasionally push and pull. Tr. 49. Plaintiff was also limited to only occasional fine/gross grasping with the right hand. Tr. 49.

Based on Dr. Alpern's testimony, and the medical record as a whole, the ALJ determined Plaintiff had the severe impairments of degenerative joint disease of the bilateral shoulders, right cubital tunnel syndrome, and right carpal tunnel syndrome, Tr. 24, which limited Plaintiff to light exertion level work with certain upper extremity restrictions, Tr. 25. Tr. 27.

Physician Assistant Jackson, an "other source," filled out a "Physical Functional Evaluation" form on October 29, 2014. Tr. 282-284. Mr. Jackson assessed low back/sciatica pain and left shoulder derangement and opined that Plaintiff's left shoulder derangement severely limited Plaintiff's ability to walk, lift, carry, handle, push, pull and reach. Tr. 283. Mr. Jackson further found Plaintiff was severely limited overall and unable to meet the demands of even sedentary work. Tr. 284.

The ALJ accorded little weight to Mr. Jackson's opinions. Tr. 28. The ALJ indicated Mr. Jackson primarily relied on Plaintiff's self-reported symptoms and complaints and that the evaluation was conducted for the purpose of state welfare assistance, not social security disability. Tr. 28. The ALJ further held that the report was a check-box form with few objective findings in support of the degree of limitation opined. Tr. 28.

///

As determined by the ALJ, Mr. Jackson provided little objective rationale for his opinion on the form report that Plaintiff was severely limited; therefore, the assessed limitations appear to be predominantly based on Plaintiff's subjective complaints. *See Morgan*, 169 F.3d at 602 (the opinion of a physician premised to a large extent on a claimant's own account of symptoms and limitations may be disregarded where they have been properly discounted). As discussed below, the ALJ's reasons for discounting plaintiff's subjective complaints in this case are supported by the evidence of record and free of error. *See infra*. Moreover, it is proper for an ALJ to discredit a treating physician's opinion that is unsupported by rationale or treatment notes and offers no objective medical findings to support the existence of alleged conditions. *See Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001); *Crane v. Shalala*, 76 F.3d 251, 253 (9th Cir. 1996) (stating that the ALJ's rejection of a check-off report that did not contain an explanation of the bases for the conclusions made was permissible). The Court finds that the ALJ provided germane reasons for discounting Mr. Jackson's report.[3]

---

[3] As stated above, the ALJ also indicated he accorded little weight to Mr. Jackson's opinion because the evaluation was conducted for the purpose of state welfare assistance, not social security disability. Tr. 28. "The purpose for which medical reports are obtained does not provide a legitimate basis for rejecting them" unless there is additional evidence demonstrating impropriety, and the ALJ has identified no such evidence. *Lester*, 81 F.3d at 832. The Court finds that Mr. Jackson's opinion should not have been discounted on the basis of the purpose of the exam. However, since the ALJ provided other germane reasons, supported by substantial evidence, for according little weight to the opinions of Mr. Jackson, any error based on the ALJ's finding that Mr. Jackson's examination was accorded little weight because it was conducted for the purpose of state welfare assistance is harmless. *See Johnson v. Shalala*, 60 F.3d 1428, 1436 n.9 (9th Cir. 1995) (an error

The record reflects that no medical professional, other than Physician Assistant Jackson, has assessed greater physical limitations than determined by the ALJ in this case. In fact, as noted by the ALJ, Tr. 27, a later examination conducted by Mr. Jackson in June 2015 revealed only moderate pain with overhead and behind the back reaching, Tr. 289. The restriction to less than sedentary work as opined by Mr. Jackson in October 2014 is not supported by the weight of the record evidence. The physical limitations assessed by the ALJ are supported by the weight of the record evidence and are free of error.

**B.     Plaintiff's Symptom Testimony**

Plaintiff also challenges the ALJ's rejection of Plaintiff's symptom testimony. ECF No. 21 at 9-13.

It is the province of the ALJ to make credibility determinations. *Andrews*, 53 F.3d at 1039. However, the ALJ's findings must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen*, 80 F.3d at 1281; *Lester*, 81 F.3d at 834. "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill*, 12 F.3d at 918.

In this case, the ALJ found Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, Plaintiff's statements concerning the intensity, persistence and limiting effects of those symptoms were not entirely credible. Tr. 27.

---

is harmless when the correction of that error would not alter the result). An ALJ's decision will not be reversed for errors that are harmless. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) (citing *Curry v. Sullivan*, 925 F.2d 1127, 1131 (9th Cir. 1991).

1    The ALJ first indicated Plaintiff's statements of alleged disabling physical
2 impairments and their corresponding symptoms were inconsistent with the
3 objective medical evidence of record. Tr. 27. A lack of supporting objective
4 medical evidence is a factor which may be considered in evaluating an individual's
5 credibility, provided it is not the sole factor. *Bunnell v. Sullivan*, 347 F.2d 341,
6 345 (9th Cir. 1991) (Once a claimant produces objective medical evidence of an
7 underlying impairment, an adjudicator may not reject the claimant's subjective
8 complaints based solely on a lack of objective medical evidence to fully
9 corroborate the alleged severity of pain.); *see also Robbins v. Soc. Sec. Admin.*, 466
10 F3d 880, 883 (9th Cir. 2006) (An ALJ may not make a negative credibility finding
11 "solely because" the claimant's symptom testimony "is not substantiated
12 affirmatively by objective medical evidence.").

     As stated above, the ALJ correctly reported there is virtually no record of
medical treatment or physical abnormality from December 2008 to June 2014. Tr.
27. Furthermore, no medical professional, other than Mr. Jackson, has assessed
greater physical limitations than determined by the ALJ in this case. The medical
evidence of record does not support Plaintiff's allegation of disabling limitations.

     The ALJ also indicated Plaintiff's activities of daily living were inconsistent
with his assertions of totally disabling symptoms. Tr. 27, 28. It is well-established
that the nature of daily activities may be considered when evaluating credibility.
*Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). While one does not need to be
"utterly incapacitated" to be disabled, *id.*, it was proper for the ALJ to find
Plaintiff's reports of activities such as preparing meals daily, doing household
chores, going out daily, sometimes driving a car, going grocery shopping,
swimming, lifting up to 20 pounds, fishing, and hunting, Tr. 56, 202-206, were
///
///
///

inconsistent with the debilitating limitations he alleged[4] and thus detracted from his overall credibility. Tr. 28. *See Smith v. Comm'r Soc. Sec. Admin.*, 611 Fed.Appx. 897, 900 (9th Cir. 2015) (affirming the ALJ's adverse credibility determination and noting the ALJ found the claimant's testimony was contradicted by "her own description of helping with" the "care of children" and household chores); *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) (affirming the ALJ's adverse credibility determination and noting that the claimant's claim of disability was undermined by testimony about her daily activities, such as "attending to the needs of her two young children," cooking, and shopping); *see also Molina v. Astrue*, 674 F.3d 1104, 1113 (9th Cir. 2012) ("Even where [a claimant's daily] activities suggest some difficulty functioning, they may be grounds for discrediting the claimant's testimony to the extent that they contradict claims of a totally debilitating impairment.").

The ALJ is responsible for reviewing the evidence and resolving conflicts or ambiguities in testimony. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson v. Perales*, 402 U.S. 389, 400 (1971). The Court has a limited role in determining whether the ALJ's decision is supported by substantial evidence and may not substitute its own judgment for that of the ALJ even if it might justifiably have reached a different result upon *de novo* review. 42 U.S.C. § 405(g). After reviewing the record, the Court finds that the ALJ provided clear and convincing reasons, which are fully supported by the record, for discounting Plaintiff's subjective complaints. Accordingly, the ALJ did not err by finding Plaintiff's symptom allegations were not entirely credible in this case.

---

[4]Plaintiff's disability function report indicated he was "unable to lift," was "unable to reach, pull and grab," and had decreased range of motion and pain. Tr. 201.

## CONCLUSION

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision is supported by substantial evidence and free of legal error. Accordingly, **IT IS ORDERED:**

1. Defendant's Motion for Summary Judgment, **ECF No. 23**, is **GRANTED**.

2. Plaintiff's Motion for Summary Judgment, **ECF No. 21**, is **DENIED**.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Defendant and the file shall be **CLOSED**.

DATED September 11, 2018.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE